JOHN D. WILLIAMS, executor & trustee, *vs.* YOUNG MEN'S CHRISTIAN ASSOCIATION & others.

Suffolk.    January 10, 1919. — March 24, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Devise and Legacy.*

A testator devised all his real estate excepting a farm at North Andover to trustees for the benefit of certain persons for life and, upon the death of the survivor of such persons, devised "the said real estate . . . to the 'Societies, corporations & persons'" named in a portion of the will which read as follows: "As to all my remaining personal property and the proceeds of the Farm in North Andover, when sold, the same are to be disposed of and distributed among the Societies, corporations & persons hereinafter mentioned, but the Executors may take into consideration the position & necessities of such societies & corporations at the time of distribution and make such changes in the amounts, given to them, as they deem proper." In a later clause of the will, there were pecuniary legacies of specific amounts to twelve societies and corporations and to eleven individuals. A residuary clause gave and devised the residue to a charitable corporation. The trustees were empowered to change real estate into personal and personal estate into real. Upon a bill in equity for instructions, filed after the death of the life beneficiaries, it was *held*,

(1) That the farm at North Andover and the personal property remaining therein should be sold and the proceeds distributed by the trustee to the "societies & corporations" named in the later clause of the will in such amounts, if any, as the trustee in the exercise of a sound discretion should determine to be proper in consideration of the "position & necessities of such societies & corporations at the time of distribution," and that the residue of personal property undistributed under the later clause of the will should be transferred to the residuary legatee;

(2) That, without conveyance by deed of the executor or trustee, the "Societies, corporations & persons" named in the later clause of the will held as tenants in common the legal title to all the real estate, except the farm at North Andover that was the testator's at the time of his death, and still remained unsold;

(3) That the "Societies, corporations & persons" described in the later clause held an equitable title as tenants in common, and were entitled to an immediate conveyance of all real estate and personal property held by the executor and trustee and purchased by the trustee or executor with the proceeds of real estate owned by the testator at the time of his death, excepting the farm at North Andover and the personal property thereon.

BILL IN EQUITY, filed in the Supreme Judicial Court on April 11, 1918, and afterwards amended, by the surviving executor and trustee under the will of John Davis Williams French.

The will of the testator was as follows:

"Be it Remembered, That I, John Davis Williams French of Boston in the County of Suffolk & Commonwealth of Massachusetts, do make my last will thus —

"I give & devise all real estate, belonging to me & any interest which I have in real estate at my decease, with the exception hereinafter mentioned, to my cousin, John D. Williams, my brother Aaron Davis Weld French & my friend Arthur Lincoln, the survivor & his heirs; in Trust, to take charge of & manage the same & to pay the net income to my brother A. D. Weld French aforesaid & my sisters, Caroline L. W. French and Cornelia A. French, to be equally divided among them, or those living at my decease, and upon the death to the survivors or survivor, and after the death of the last survivor; to the corporations, societies and persons hereinafter named as residuary devisees and in the manner & for the purposes, for which the personal property is hereinafter given to them.

"If my father, brother, or sisters, or any one of them desires to occupy, or reside on my farm at North Andover any part of the year, he, she, or they may do so on payment of such rent and on such terms as the Trustees may decide upon, in which case the personal property on the farm & in the house & buildings thereon shall remain unsold during the continuance of such occupation, if the party or parties so occupying desire; if not so desired, the personal property may be sold & the farm also, when such occupation ceases, and the proceeds treated as personal property under the residuary clause of this will —

"All my books and pamphlets on Agricultural and Horticultural matters & subjects relating thereto I give to the Massachusetts Horticultural Society, but any books which they do not wish I desire to be given to the Library of the Massachusetts Agricultural College at Amherst — My miscellaneous books & pamphlets I give to the town of North Andover for its Public Library.

"As to all my remaining personal property and the proceeds of the Farm in North Andover, when sold, the same are to be disposed of and distributed among the Societies, corporations & persons hereinafter mentioned, but the Executors may take into consideration the position & necessities of such societies & cor-

porations at the time of distribution and make such changes in the amounts, given to them, as they deem proper. I wish the bequests to individuals to be paid as soon as possible after my decease, and those to societies as soon as the Executors can do it conveniently & without making unnecessary sacrifices.

"To the Young Mens Christian Association Ten Thousand dollars, the income only to be used & for the purchase of books for the Library.

"To the Episcopal City Mission Ten Thousand dollars.

"To the Diocesan Board of Missions of Massachusetts, (Episcopal) Five Thousand dollars.

"To St. Luke's Home for Convalescents (Episcopal) Ten Thousand dollars.

"To the Church Home for orphans & destitute children (Episcopal) Ten Thousand dollars to be used for industrial education.

"To the Corporation of the Chapel of the Good Shepherd, of which I am Treasurer, Ten Thousand dollars.

"To the Trustees of Donations to the Protestant Episcopal Church in the Diocese of Massachusetts, in trust, towards the erection of a Parish house to St. Pauls Church North Andover, Massachusetts, or for the support of the Parish Ten Thousand dollars.

"To Harvard College Five Thousand dollars.

"To the Bay State Agricultural Society Two Thousand dollars.

"To the Massachusetts Horticultural Society for its Library, Five Thousand dollars, to be called the J. D. Williams French fund, the interest to be used for the purchase of books.

"To the American Forestry Association Two Thousand dollars — I am Vice President of this.

"To the Associated Charities of Boston Two Thousand dollars.

"To the Rev. George J. Prescott, or his heirs One Thousand dollars; he is now rector of the Church of the Good Shepherd Boston.

"To the reverend George Walker, now rector of St Pauls Church, North Andover, Massachusetts, & his heirs Five hundred dollars.

"To each of the following persons, classmates of mine, as a mark of my regard, namely, Edward Sturgis Grew, John Murray Brown, William Greenough, Arthur Lincoln, Reverend Arthur

Lawrence, Charles C. Jackson & Charles S. Fairchild Two hundred dollars.

"To James Hickie, Janitor of the Huntington House on Cortes Street, Boston, one hundred dollars.

"To my godson, William Wirts White junior, One hundred dollars.

"The residue of my estate I give & devise to the Diocesan Board of Missions of Massachusetts, to be invested as a fund and the income used by said Board, as they deem best.

"I authorize the Trustees, acting under this will to sell real & personal estate and to change real estate into personal & personal into real estate, as & when they think it for the advantage of those interested."

Here followed clauses appointing executors and trustees and the signature and attestation clauses.

The codicil struck out the first clause of the will, beginning with the words, "I give & devise" and ending with the words "hereinafter given to them;" and inserted in lieu thereof the following clause: "I give and devise all the real estate belonging to me and any interest, which I may have in real estate at my decease, with the exception of my farm at North Andover & the house and buildings thereon, mentioned in the next clause of my will, to my cousin, John D. Williams, my brother Aaron Davis Weld French and my friend Arthur Lincoln & the survivor & his heirs, In Trust, to take charge of & manage the same and to pay the net income to my said brother, Aaron Davis Weld French & my sister Cornelia A. French, to be equally divided between them, & upon the death of either to the suvivor; & after the death of the survivor I give & devise the said real estate and interest to the 'Societies, corporations & persons' named in that part of my will, which disposes of 'all my remaining personal property and the proceeds of the farm in North Andover, when sold.'" In all other respects the codicil ratified and confirmed the will.

The case was reserved by *Crosby,* J., upon the pleadings and certain admitted facts for determination by the full court.

*A. F. Converse,* (*J. Morrill* with him,) for the plaintiff, stated the case.

*A. H. Russell,* for the Boston Young Men's Christian Association and others.

*W. D. Cotton,* for Charles C. Jackson and others.

*F. H. Brooks,* for the Trustees of the Chapel of the Good Shepherd and others.

*G. L. Barnes,* for the Trustees for the Diocese of Western Massachusetts.

*P. M. Hubbard,* (*W. Rand* with him,) for the Trustees of Donations to the Protestant Episcopal Church and the Church Home Society for the Care of Children of the Protestant Episcopal Church.

*T. Hunt,* for the Massachusetts Horticultural Society.

*H. LeB. Sampson,* (*E. A. Howes, Jr.,* with him,) for the Diocesan Board of Missions in Massachusetts.

PIERCE, J.    This is a bill in equity for instructions brought by the sole surviving executor of, and trustee under, the will of John D. W. French.    The bill as amended names as defendants all persons and corporations who are now entitled to participate in the estate of the said deceased.    All specific and all pecuniary legacies of specific amounts have been paid by the executor, without exercising the power of variation under the provision in the will to the effect that "the Executors may take into consideration the position & necessities of such societies & corporations at the time of distribution and make such changes in the amounts, given to them, as they deem proper."    The testator's father, brother and sisters, mentioned in said will, have all deceased; the testator's sister Cornelia A. French, who was the last survivor of them, having deceased on March 20, 1918.

The estate of the testator remaining to be administered under the will consists of both real and personal property.    The real estate is made up of the real estate belonging to the testator at his decease and real estate and interest bearing securities purchased by the trustees with the proceeds of real estate devised to them, under the power given in the will "to change real estate into personal & personal into real estate, as & when they think it for the advantage of those interested."    The entire remaining personal property consists of the "proceeds of the farm in North Andover, when sold" and "the personal property on the farm & in the house & buildings thereon."

As to the remaining personal property, the plaintiff prays "That he may be instructed as to who is now entitled to the farm

at North Andover aforesaid and the personal property remaining thereon, and whether he has any power or duty to perform concerning the same, either as executor or trustee, and, if so, what." Subject to the provision of the will relating to the residence of the father, brother or sisters upon the farm, we think the farm and the other personal property "on the farm & in the house & buildings thereon" vested in title in the executors, with the power and duty to dispose of and distribute the proceeds thereof, when sold by the executor with the other personal property "as soon as the Executors can do it conveniently & without making unnecessary sacrifices," among the societies and corporations enumerated in the fourth clause of the will, giving to each society and to each corporation such an amount as the executors "deem proper" in consideration of the position and necessities of such societies and corporations at the time of distribution; and the balance, if any, to the residuary legatee, the Diocesan Board of Missions.

The plaintiff then prays that he may be instructed as to who is entitled to the other real estate mentioned and whether he has any power or duty to perform concerning the same, and, if so, what. And further prays that he may be instructed as to the parties to whom he should transfer the personal property aforesaid other than that at the farm in North Andover.

Under the first clause of the will and codicil the trustees took the legal title of all the real estate, with the exception of the farm in North Andover for the life of his brother and sisters and the survivor of them in trust. The codicil provided that "I give & devise the said real estate and interest to the 'Societies, corporations & persons' named in that part of my will, which disposes of 'all my remaining personal property and the proceeds of the farm in North Andover, when sold'." It is the contention of the societies, corporations, persons and their legal representatives that at the termination of the life interests, by the explicit words "give & devise" of the codicil, they took as legal and equitable tenants in common the real estate held by the testator at his death, other than the farm at North Andover, and the real estate and personal property purchased by the trustees and executors with the proceeds of real estate sold by them under the power in the will. On the other hand it is the contention of the residuary

legatee and devisee that the testator "intended his real estate, after the death of life tenants, to become a part of the residue, just as he did the proceeds of the farm, if sold, all of which residue was to provide means for the payment of certain specific amounts to the societies, corporations and persons, and the balance to the Diocesan Board of Missions. . . . In other words, the proceeds of the farm, when sold, and the other real estate on termination of the trust were to be treated alike." The residuary legatee arrives at this conclusion by construing the words of the first clause of the original will, whereby the lands in question were given and devised to the "corporations, societies and persons hereinafter named as residuary devisees and in the manner & for the purposes, for which the personal property is hereinafter given to them," in connection with the provision in the second clause of the will to the effect that the proceeds of the Andover farm when sold should be "treated as personal property under the residuary clause of this will —" which clause is the fourth clause of the will, wherein, subject to the power conferred upon the executors to increase or diminish the pecuniary legacies given under the will, the residue of the personal property or personal property converted into real estate was given or devised to the Diocesan Board of Missions.

Under the fourth clause the power of the executors to increase the gifts of the testator to the enumerated corporations and societies could be properly exercised at any time while the fund remained undistributed and notwithstanding their distribution of the specific sums named by the testator.

We do not think the inference of the intent of the testator to devote his entire estate as a fund to the payment of legacies as they might be determined by the executors under the fourth clause, is warranted by the circumstances under which the will was executed or by the terms of the original will and codicil read in the light of such circumstances; but are of opinion that the "Societies, corporations & persons" by the words of the codicil took as legal and equitable owners in common in fee the real estate held by the testator at his death, and the personal property into which any part of it has since been converted.

It follows that the plaintiff be instructed (1) that the farm at North Andover and the personal property remaining thereon should be sold and the proceeds distributed by him to the "so-

cieties & corporations" named in clause four of the will, in such amounts, if any, as the petitioner in the exercise of sound discretion shall determine to be proper in consideration of the "position & necessities of such societies & corporations at the time of distribution," and that the residue of personal property undistributed under the fourth clause of the will shall be transferred to the residuary legatee; (2) that without conveyance by deed of the executor or trustee the "Societies, corporations & persons," named in the fourth clause of the will, as tenants in common now hold the legal title of all real estate, other than the farm in North Andover, that was of the testator at the time of his death and which remains unsold; and (3) that the "Societies, corporations & persons" hold the equitable title as tenants in common and are entitled to an immediate conveyance of all real estate and personal property held by the executor or trustee and purchased by the trustees or executors with the proceeds of real estate owned by the testator at his death.

The expenses of the executor and trustee are to be determined and allowed in the account of his administration in the Probate Court.

As to the remaining parties costs are to be taxed as between solicitor and client, and when taxed are to be a charge on the fund.

*So ordered.*